

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

February 7, 2022

**Hon. Judge Denis R. Hurley, U.S.D.J.**
*United States District Court*
*Eastern District of New York*
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Civil Action No. No. 21-cv-03325 (DHR) (AYS)**

Dear Judge Hurley,

I am an attorney duly admitted to practice before this Court. I am the founder of the law firm T. A. Blackburn Law, PLLC., attorney for Plaintiff Michael Cain ("Mr. Cain") in the above matter. On August 8, 2021, Defendants submitted their answer to Plaintiffs first amended complaint. Since August 8, 2021, there has been no activity in this case, and one of Plaintiff's key witnesses has passed away.

Plaintiff is asking the court to set a discovery schedule so the parties can begin to exchange discovery. In the alternative, Plaintiff is requesting the court to expedite discovery to obtain the records and depose certain elderly individuals within the defendant's organization. Federal Rule of Civil Procedure 26(d)(1) requires parties to confer with one another in accordance with Rule 26(f) before seeking discovery. However, Rule 26(d) provides that courts can waive this requirement and order expedited discovery. Field Smart Lighting Co. v. Checkolite Int'l, Inc., No. 2:13-6953 (WJM), 2014 U.S. Dist. LEXIS 70602, at *14 (D.N.J. May 22, 2014). Since January 4, 2022, Plaintiff has attempted to engage with Defendants on multiple occasions to no avail.

Under the Federal Rules of Civil Procedure, the parties "may not seek discovery from any source" until after the Rule 26(f) conference without a stipulation or court order. Fed. R. Civ. P. 26(d)(1). However, courts have broad discretion to manage the discovery process and can expedite or otherwise alter the timing and sequence of discovery. *See id.* In *Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC,* the Court noted that courts addressing the issue generally apply one of two standards to determine if expedited discovery is appropriate. No. 13-4255, 2013 U.S. Dist. LEXIS 113956, 2013 WL 4080648, at *1 (D.N.J. Aug. 13, 2013). The first standard,




discussed in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982) analyzes requests for expedited discovery using factors similar to those used in reviewing a request for injunctive relief. *Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465, 2011 U.S. Dist. LEXIS 109518, 2011 WL 4478477, at *3 (D. Del. Sept.26, 2011). Under the *Notaro* standard, the moving party must demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Sawhorse Enterprises, Inc. v. Church & Dwight Co.*, No. 12-6811, 2013 U.S. Dist. LEXIS 48155, 2013 WL 1343608, at *4 (D.N.J. April 3, 2013) (quoting *Notaro*, 95 F.R.D. at 405).

1. **Irreparable injury**:

One of the critical witnesses Plaintiff would have liked to depose has died. This individual is a key witness who personally heard and saw the claims alleged in Plaintiff's amended complaint.

2. **Some probability of success on the merits**:

Defendants would be hard pressed to find a jury in this district that would approve of defendants use of the word "Nigger", especially when it is directed at a black man who is a sixty something year old grandfather. Plaintiff is confident he will have success on the merits.

3. **Some connection between the expedited discovery and the avoidance of irreparable injury**:

Here, Plaintiff needs to depose and secure discovery from defendant corporations' ownership, as well as being deposed himself. As previously stated, Plaintiff is an older man, and in the face of this covid19 pandemic he lives in constant fear of losing his life and not being able to have his day in court to hold defendants responsible for their actions.

4. **Some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted**:

Here, it has been over six months since defendants have answered this complaint. The only party that has suffered harm as a result if this delay is Mr. Cain. Plaintiff has already lost a key witness, and he is concerned that this unnecessary delay may result in the loss of additional discovery.

Plaintiff would like to thank the court for its time and consideration.

Respectfully,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.

CC:
All attorneys of record via ECF.



347-342-7432  tblackburn@tablackburnlaw.com  TABlackburnlaw.com