```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  MICHAEL CAIN,                              :
                                             :    MEMORANDUM DECISION AND
                           Plaintiff,        :    ORDER
                                             :
         - against -                         :    21-cv-3325 (BMC)
                                             :
                                             :
  UNITED MORTGAGE CORP., and                 :
  EMMANUEL CATECHIS,                         :
                                             :
                           Defendants.       :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on defendants' motion for partial reconsideration of the Court's October 15, 2025 Memorandum Decision and Order granting in part and denying in part defendants' motion for summary judgment. For the reasons set forth below, defendants' motion is granted and plaintiff's claim under New York Labor Law ("NYLL") § 196-d is dismissed.

## BACKGROUND

Plaintiff brought this action under Title VII, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), and corresponding provisions of state and local law, contending that he was discriminated against and subjected to a hostile work environment, and that he was terminated because of his race, his age, and in retaliation for his protected complaint regarding race discrimination.

Invoking supplemental jurisdiction, plaintiff also brought claims for violations of NYLL § 191 (timely payment), NYLL § 195(1) (notice and recordkeeping), NYLL § 195(3) (wage statement), and, the subject of this motion, NYLL § 196-d (unlawful retention of gratuities).

The Court granted defendants' motion for summary judgment on all age-based claims and the retaliation claims and denied defendants' motion on the race-based discrimination and hostile work environment claims. The Court also granted defendants' motion for summary judgment on all NYLL claims except for § 196-d because defendants "ha[d] not challenged that."

Defendants move for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 with respect to the § 196-d claim. Defendants argue that they did, in fact, seek summary judgment on this claim, and that dismissal of this claim is warranted. Plaintiff has not opposed defendants' motion.

**DISCUSSION**

To succeed on a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A]dvancing a new or expanded argument does not warrant reconsideration ... inasmuch as a motion for reconsideration is not a vehicle to offer additional support for an argument rejected previously by the Court." Walker v. City of New York, No. 12-cv-840, 2012 WL 6563044, at *3 (E.D.N.Y. Dec. 17, 2012) (internal quotation marks and quotations omitted). Nor should motions for reconsideration "be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and quotation omitted). "A district court commits clear error when a reviewing court would be 'left with the

2

definite and firm conviction that a mistake has been committed.'" Eckhart v. Fox News Network, LLC, No. 20-cv-05593, 2022 WL 4579121, at *1 (S.D.N.Y. Sept. 29, 2022) (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985)).

Defendants argue that the Court overlooked the portions of their motion for summary judgment that addressed Count XVII, i.e., plaintiff's NYLL § 196-d claim: defendants are right, although it is understandable why the oversight occurred. Defendants addressed Count XVII in Section IX of their opening memorandum ("PLAINTIFF CANNOT USE HIS SELF-SERVING TESTIMONY TO VARY THE TERMS OF HIS WRITTEN EMPLOYMENT AGREEMENT") and Section V of their reply memorandum ("PLAINTIFF IS NOT ENTITLED TO COMMISSIONS ON ANY CLOSED LOANS"). But defendants did not mention "§ 196-d" even once in their memoranda. Given the sheer number of plaintiff's causes of action (17) and the overlap of arguments and facts relating to each of those causes of action, defendants would have been wise to explicitly mention "§ 196-d" when discussing it.

Notwithstanding defendants' imprecision, the fact remains that defendants did move for summary judgment on the § 196-d claim. Defendants argued that plaintiff executed an employment agreement prior to starting his position, and that the agreement did not provide for payment of commissions. The reason was that under the Real Estate Settlement Procedure Act, an unlicensed sales assistant – as plaintiff was – may not receive commissions. Defendants further argued that because plaintiff had a written employment agreement which did *not* provide for 1% commissions, plaintiff could not use his verbal statements to alter the terms of that agreement.

I reject this argument. Under New York law, the parol evidence rule does not preclude plaintiff from introducing evidence of promises made after the signing of the contract. See

3

Giordano v. Thomson, 438 F. Supp. 2d 35, 46 (E.D.N.Y. 2005).  "Whether promises were made to [p]laintiff by [d]efendants, and under what circumstances, comes down to the credibility of the parties.  Such a matter can be decided only by a jury."  Id.  The Court suggested this conclusion in footnote 7 of its decision: "His testimony on the oral agreements gives no indication of when or why he consented to them.  But even with that, I am constrained to allow a jury to decide issues pertaining to plaintiff's credibility."

Plaintiff testified that shortly after he was hired, he entered into an oral side agreement with Catechis where he would have the same duties and responsibilities as a licensed mortgage loan officer and receive commissions of 1% for each loan on which he worked.  Plaintiff therefore argued that he was entitled to such commissions even in the absence of a writing.  On defendants' motion for summary judgment, the Court cannot conclude otherwise.  Additionally, defendants have not given the Court enough information to conclude that the employment contract was fully integrated and that any alleged oral agreement for commissions would alter the terms of that agreement.

Defendants offer a new argument in their motion for reconsideration: that "§ 196-d, which provides an avenue for employees to retain *gratuities* that are charged to customers and improperly withheld, does not even apply to [p]laintiff's request for a 1% commission on closed loans, which is in the nature of a bonus, not a gratuity paid by a customer."  A new argument typically would not warrant reconsideration.  See Walker, 2012 WL 6563044, at *3.  Here, however, it does, because it alerts the Court to a clear error which it must now correct.  And, in any event, plaintiff has not opposed defendants' motion.

On summary judgment, the Court improperly construed § 196-d as the NYLL's "anti-kickback" provision.  But § 198-b applies to kickbacks.  See Georgiou v. Harmon Stores,

4

Inc., No. 22-cv-2861, 2023 WL 112805 (E.D.N.Y. Jan. 5, 2023). Section 196-d, on the other hand, applies to gratuities and states:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. This provision shall not apply to the checking of hats, coats or other apparel. Nothing in this subdivision shall be construed as affecting the allowances from the minimum wage for gratuities in the amount determined in accordance with the provisions of article nineteen of this chapter nor as affecting practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, nor to the sharing of tips by a waiter with a busboy or similar employee.

The statutory language suggests that a gratuity is a charge that a consumer incurs in recognition of the service provided and in addition to the charge for the underlying good or service. Plainly, a gratuity is a tip. The New York Administrative Code confirms this understanding. See, e.g., Mayes v. Gerber Grp. Ltd. P'ship, 85 Misc.3d 1234(A) (table), 228 N.Y.S.3d 922 (N.Y. Sup. Ct. 2025) ("When determining whether a charge is to be considered a gratuity, '[t]here shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services ... is a charge purported to be a gratuity.'" (quoting 12 NYCRR § 146-2.18(b)).). And in evaluating whether a charge is a gratuity, the New York Court of Appeals focuses on "the expectation of the reasonable *customer*." Samiento v. World Yacht Inc., 10 N.Y.3d 70, 79, 854 N.Y.S.2d 83, 88 (2008) (emphasis added). By contrast, a commission is a portion of the total value of a transaction that a salesperson receives from his employer for completing the transaction. As plaintiff's arguments regarding his entitlement to commissions make clear, the "expectation" at issue is not the customer's, but his own – in this case, by virtue of an employment contract and an alleged oral agreement with a manager.

A commission is not a tip. For the reasons stated above, and because plaintiff has never argued that he received or was entitled to tips from his customers, § 196-d is inapplicable.

## CONCLUSION

The Court grants defendants' motion for reconsideration, and grants summary judgment to defendants on plaintiff's NYLL § 196-d claim.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
      November 13, 2025